UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TRUSTEES OF THE PLUMBERS LOCAL
UNION NO.1 WELFARE FUND, ADDITIONAL
SECURITY BENEFIT FUND, VACATION
& HOLIDAY FUND, TRADE EDUCATION
FUND AND 401(K) SAVINGS PLAN, et al.,
                            Plaintiffs,                  **REPORT AND**
                                                        **RECOMMENDATION**
                      - against -
                                                        10-CV-1255 (JBW) (JO)
LEVIATHAN MECHANICAL CORP.,
                                Defendant.
-------------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

       Plaintiffs Trustees of the Plumbers Local Union No. 1 Welfare Fund, Additional Security Benefit Fund, Vacation & Holiday Fund, Trade Education Fund, and 401(k) Savings Plan, Trustees of the Plumbers and Pipefitters National Pension Fund, and Trustees of the International Training Fund (collectively, the "Trustees") filed a complaint on March 18, 2010 against defendant Leviathan Mechanical Corp. ("LMC") alleging that LMC had committed several violations of the Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et seq*. and the Labor Management Relations Act, 29 U.S.C. § 185 *et seq.* *See* Docket Entry ("DE") 1 (Complaint). Since then, however, the plaintiffs have taken no action to prosecute their case, and in particular it appears they have failed to serve the Summons and Complaint on LMC. Accordingly, for the reasons set forth below, I respectfully recommend that the court *sua sponte* dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

       On August 2, 2010, more than 120 days after the filing of the Complaint, I entered the following order:

> A review of the docket indicates that the plaintiff has not filed proof of timely
> service of the Summons and Complaint as required on defendant, Leviathan

> Mechanical Corp. *See* Fed. R. Civ. P. 4 (*l*), (m). No later than August 9, 2010, the plaintiff must either file proof of timely service on the docket or file a motion requesting an extension of the time to effect service for good cause. *See* Fed. R. Civ. P. 4(m). Failure to comply will result in a recommendation that the case be dismissed for failure to prosecute.

DE 3. That deadline has passed, and none of the specified events has occurred.

If a plaintiff fails to serve process on a defendant within 120 days of filing a complaint against that defendant, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). The court may take such action on its own motion. *Id*.

Since the Trustees filed the instant Complaint on March 18, 2010, 229 days have passed. The court must therefore either dismiss the action without prejudice or order service within a specified time. *Id*. In light of the Trustees' failure to respond in any way to my earlier order – which explicitly warned them of the danger of dismissal if they did not promptly effect service or demonstrate good cause for their failure to do so, DE 3 – I conclude that an order compelling service would likely be ineffective. I therefore respectfully recommend that the court *sua sponte* dismiss this action without prejudice.

I direct the plaintiffs to serve a copy of this Report and Recommendation on the defendant by certified mail, and to file proof of service no later than November 5, 2010. Any objections to this Report and Recommendation must be filed no later than November 19, 2010. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

**SO ORDERED.**

Dated: Brooklyn, New York
November 2, 2010

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge